HARRIET McCLOSKEY, administratrix,

*v.*

JONAS J. THORPE, administrator, et al.

[Submitted June 6th, 1907. Decided June 19th, 1907.]

1. A testator being the owner of a one-third interest in a saw-mill property, by his will ordered it sold, "and the money paid over to my wife, Charity, for her use, and I also will her all my personal property that I am possessed of,.and if there should be anything left after her death then I want that divided also with the money from the house and lot."

2. Upon the question whether the wife took an absolute estate, or only a life estate, in the proceeds of the saw-mill and the personal property— *Held,* that she took only an estate for life.

On bill for accounting.

*Mr. Osiris D. McConnell,* for the complainant.

*Messrs. Smith & Brady,* for Thorpe, administrator, defendant.

*Mr. J. I. Blair Reiley,* for E. Mundy et al., defendants.

BERGEN, V. C.

The right of complainant to a decree depends upon the interpretation of the third clause of the last will of John Rooks. The testator being the owner of a one-third interest in a saw-mill property, ordered it sold "and the money paid over to my wife, Charity, for her use, and I also will her all my personal property that I am possessed of, and if there should be anything left after her death then I want that divided also with the money from the house and lot."

By a previous section of the will the house and lot referred to was given to testator's wife for life,

"for her own benefit, and after her death to be sold and divide the money between Harriet Eicke and John Zellers (both children that I have raised) when they come of age, Harriet two-thirds and John one-third."

The saw-mill property was sold for $5,000 and the money paid over to the wife who held it during her life. Did the wife take the proceeds of the sale of the mill property and the personal estate absolutely, or for life only, is the question presented. The personal property which came into the possession of the wife was inventoried at $941.50, making a total of $5,941.50, which the administratrix of the estate of John Rooks, deceased, insists should be paid to her by the administrator of Charity Rooks, the wife, for distribution according to the will, while the representative of Charity claims that she took an absolute estate and therefore the complainant is not entitled to the accounting which is prayed for in the bill of complaint. The determination of this controversy depends upon the interpretation to be given to the words of the third clause above recited.

I have reached the conclusion that the wife took only an estate for life. The gift to her as qualified by the words "for her use" does not either expressly or by necessary implication, confer the power of distribution or of absolute dominion.

It is a well-settled rule that a will must be construed, if possible, so as to give effect to every part of it, and it was certainly in the mind of this testator that it was within his power to make a gift over of this part of his estate after his wife had had the use of it during her life. Nor is it unimportant to consider that the gift over is made to the same persons to whom is given the remainder, after the life estate of the wife, of the house and lot disposed of by the preceding section of this will, the expression used being "then I want that divided also with the money from the house and lot." I am convinced that the testator intended by the words "for her use" to give to the wife the income or profit from this fund during life. The complainant, however, insists that the words "and if there should be anything left after her death" imply the power of consumption and disposition which, if it exists, creates an estate in fee-simple in the first taker, thereby making void the gift over.

The testimony disclosed that nearly all of the personal estate inventoried at $941.50 consisted of goods and chattels which necessarily would depreciate in value from use, and which it is not improper to infer might be wholly exhausted during the life of the widow, and in order to give effect to what seems to me to have been the plain intention of this testator it is not unreasonable to consider that he had in mind the exhaustion of that part of his personal estate which, from its nature, was subject to such a contingency, and that the words "if there should be anything left" relate to this class of property.

In my opinion this case must be controlled by the principles laid down by our court of errors and appeals in *Wilson* v. *Wilson, 46 N. J. Eq. (1 Dick.) 321.* In that case the gift was to testator's daughter "to her heirs forever," subject to the provision that if the daughter should die without leaving heirs, then the residue of testator's estate "whatever it may be at the decease of my said daughter" was given to another. On the argument of that case it was insisted that the expression "whatever it may be at the decease of my said daughter" implied a power of disposition. In passing upon this question Chancellor McGill, speaking for the court of errors and appeals, said: "In order to realize an income from the personal estate the daughter must invest and reinvest the money that shall come to her hands and thereby, perhaps, change the character of the residue. By the use of the words 'whatever it may be at the decease of my said daughter,' the testator, then, may have had in mind changes wrought by investment, for it is as likely that he contemplated a change in the character or nature of the residue as he did a change in its amount. If he contemplated change in amount, the change may have been increase as well as decrease, and if decrease, the apprehended cause of decrease may have been that which would possibly be brought about by accident. * * * Nothing unequivocally points to a power of disposition, and I am therefore not justified in saying that it exists."

In *Tooker* v. *Tooker, 71 N. J. Eq. (1 Buch.) 513*, recently decided by Vice-Chancellor Pitney, it was held that where there was a gift to one "and at his death what remains to his children,"

the phrase "what remains" did not confer an unlimited power of disposition.

The conclusion I have reached is that the complainant is entitled to the relief asked for. Another question was raised regarding the qualification of one of the legatees named in the will of John Rooks, but that issue is not properly here, as it relates to the distribution of the estate, and it is in no way pertinent to the accounting sought by the will. The ascertainment of who are the legatees entitled under the will of John Rooks must be settled in some other way than in a proceeding by the executor to recover the estate for distribution.